UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
COMMUNITY LIVING CORPORATION, INC.,

                Plaintiff

STIPULATION OF
DISCONTINUANCE

DOCKET No. 07 CV 10463
(Robinson, J.)

      -against-

BOARD OF DIRECTORS OF BEDFORD
PLAZA TENANTS CORP. and BEDFORD
PLAZA TENANTS CORP.,

              Defendants
----------------------------------------------------------------X

      Defendant Board of Directors of Bedford Plaza Tenants Corp. ("Board of Directors"), having issued a letter dated October 26, 2007 advising plaintiff Community Living Corporation, Inc. ("Community Living") that it had to appear at a public hearing of the Board of Directors at which time evidence would be heard regarding whether the Board of Directors would seek to evict Community Living and those claiming an interest under it from Unit 635 at 50 Barker Street, Mt. Kisco, New York (the "Apartment") upon the grounds of "objectionable conduct" as defined in the Proprietary Lease of Bedford Plaza Tenants Corp., and that the Board of Directors would vote after the hearing as to whether to evict Community Living from the apartment, and

      Plaintiff Community Living, having commenced this action pursuant to the Federal Fair Housing Act and the New York State Executive Law seeking to enjoin the Board of Directors from taking any steps to evict Community Living from the Apartment

based upon the letter dated October 26, 2007 and the January 5, 2007 letter referenced in that letter, and

The parties, being desirous of settling this dispute.

Plaintiff hereby discontinues this action with prejudice upon the following terms.

1. Defendants Board of Directors and Bedford Plaza Tenants Corp. will withdraw the above-mentioned October 26, 2007 letter and will not seek to evict Community Living from the Apartment based upon the statements made in that letter and the January 5, 2007 letter referenced in that letter.

2. Plaintiff will relocate tenant Brian B., one of the residents of the Apartment, from Bedford Plaza for at least six months from the date of the entry of this stipulation of discontinuance.

3. If plaintiff ever chooses to relocate Brian B. back to Bedford Plaza, it will only be on the condition that: (i) Brian B. will only reside at 70 Barker Street, Unit 601; and (ii) Brian B. follows the Rules and Regulations of Bedford Plaza. Plaintiff will not, under any circumstances, relocate Brian B. back to the Apartment.

4. Plaintiff warrants and represents that to the best of its knowledge, that Brian B., his guardians and legal representatives, consent to the relocation plan set forth in Paragraphs 2 and 3 above.

5. This agreement shall be deemed a full release of all claims of all the parties, their assigns and successors against each other, including the Shareholder tenants and Board of Directors. This release shall be limited to the claims

alleged in the Complaint and the claims arising out of the Board of Directors' attempts to evict Community Living from the Apartment.

6. Defendants' agreement to the terms of this stipulation shall not be deemed as a concession of any of the claims made by the Plaintiff in the complaint, and this agreement shall not have any precedential value.

7. Each party shall abide their own attorneys fees and costs.

8. This Court shall retain jurisdiction to enforce the terms of this stipulation.

9. In the event of a dispute concerning an alleged breach of this Stipulation of Discontinuance, the prevailing party shall be entitled to recover all reasonable expenses (including reasonable attorney's fees) incurred in enforcing or defending the terms hereof.

10. Unless compelled to do so by a court of competent jurisdiction, the parties hereto shall keep the terms of this Stipulation of Discontinuance confidential. The parties hereto shall not discuss this Stipulation of Discontinuance, or any part hereof, or the underlying litigation, with anyone not specifically mentioned herein, other than the parties' counsel, financial advisor, or funding source, and only upon the agreement of said additional entities' agreement to uphold the aforesaid confidentiality.

Dated: Garden City, New York
June 8, 2008

        MORITT HOCK HAMROFF & HOROWITZ LLP
        Attorneys for Plaintiff
        By: _____
        ROBERT L. SCHONFELD (RS7777)
        400 Garden City Plaza
        Garden City, New York 11530
        (516) 542-0088


        KAUFMAN DOLOWICH & VOLUCK LLP
        Attorneys for Defendants
        By: _____
        MATTHEW J. MINERO (MM4925)
        135 Crossways Park Drive
        Woodbury, New York 11797
        (516) 681-1100

So Ordered:

_____
U.S.D.J.